# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Informaxion Solutions, Inc., ) | |
| ) | C.A. No.: 2:15-cv-290-PMD |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Vantus Group, Vantus Technology ) | |
| Corporation, and Vantus Manufacturing ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Defendants Vantus Group, Vantus Technology Corporation, and Vantus Manufacturing Corporation's (collectively "Defendants") Renewed Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Venue (ECF No. 16) ("Motion"). For the reasons set forth herein, the Court grants Defendants' request to transfer venue and denies the remainder of the Motion.

## BACKGROUND

On December 11, 2014, Plaintiff filed this action in the Berkeley County Court of Common Pleas against Vantus Group, Vantus Technology Corporation ("VTC"), and Vantus Manufacturing Corporation Systems ("VMCS"). Plaintiff's Complaint alleges that on or about April 9, 2014, the parties executed a Professional Services Agreement ("Agreement") regarding the provision of certain information technology consulting services. The Agreement was accompanied by a Statement of Work ("SOW") to be performed. The Complaint also alleges that "Plaintiff provided Defendant[s] with semi-monthly invoices as required by the Agreement, which included hourly charges for the detailed work necessary to fulfill the Agreement and SOW, as well as hard costs incurred (such as travel and meeting-related expenses)." (Compl.,

ECF No. 1-1, at 4.) According to Plaintiff, Defendants have failed to remit payment for even a single invoice, despite Plaintiff's performance of its obligations under both the Agreement and the SOW. Plaintiff further contends that it attempted to discuss the negotiation and payment of the outstanding invoices but that this effort proved fruitless.

Plaintiff thereafter filed suit in state court, asserting causes of action for breach of contract, violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10-20(a) *et seq.*, and unjust enrichment. Defendants subsequently removed the present action to this Court on January 21, 2015. On January 28, Defendants filed a motion seeking to dismiss the Complaint pursuant to section 15-5-150 of the South Carolina Code of Laws and Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure. In the alternative, Defendants moved to transfer this action to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Plaintiff filed a Response on February 17, and Defendants filed a Reply on February 26. On June 17, this Court issued an Order denying Defendants' original motion and ordering limited jurisdictional discovery. Upon completion of discovery, Defendants re-filed their Motion on August 28. Plaintiff filed a Response on September 14, and Defendants filed a Reply on September 23. This matter is now ripe for consideration.

## DISCUSSION

As a court of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must remain mindful of the fact that "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties," *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171–72 (1938); *Thompson v. Whitman*, 85 U.S. (18 Wall.) 457, 465 (1873)).

### A. Personal Jurisdiction

The critical issue before the Court is the propriety of exercising personal jurisdiction over Defendants. "Once jurisdictional discovery or an evidentiary hearing is completed, the plaintiff's preponderance of the evidence burden applies and the plaintiff no longer has the benefit of favorable interpretations of pleading allegations." *Estate of Thompson v. Mission Essential Pers., LLC*, No. 1:11CV547, 2014 WL 4745947, at *2 (M.D.N.C. Sept. 23, 2014) (citing *Marx Indus., Inc. v. Chestnut Ridge Foam*, 903 F. Supp. 2d 358, 362 (W.D.N.C. 2012)). "[T]o validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied." *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not "overstep the bounds" of the Fourteenth Amendment's Due Process Clause. *Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 317 (4th Cir. 2000). South Carolina's long-arm statute has been construed to be coextensive with, and reach the outer limits allowed by, the Due Process Clause. *E.g.*, *ESAB Grp. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012). Therefore, the dual jurisdictional requirements collapse into the due process analysis. *See id.* Accordingly, the scope of the inquiry is whether a defendant has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). The analytical framework for determining whether minimum contacts exist differs according to which species of personal jurisdiction—general or specific—is alleged. *See generally ESAB Grp. v. Centricut, Inc.*, 126 F.3d 617, 623–24 (4th Cir. 1997). Here, Plaintiff concedes that Defendants are not subject to general jurisdiction. When a cause of action arises

out of a defendant's contacts with the forum, a court may exercise specific jurisdiction over a defendant that purposefully directs activities toward the forum state when the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

The Fourth Circuit has developed a three-part test to determine whether the exercise of specific personal jurisdiction in a particular case comports with due process: "'(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)). "The requirement of purposeful availment 'is not susceptible to mechanical application[,]'" and courts look to several "nonexclusive factors" to determine whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state. *Id.* (quoting *Consulting Eng'rs Corp.*, 561 F.3d at 278). Those factors are:

> (1) whether defendant maintains offices or agents in the forum state;
> (2) whether defendant owns property in the forum state;
> (3) whether defendant reached into the forum state to solicit or initiate business;
> (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state;
> (5) whether the parties contractually agreed that the law of the forum state would govern disputes;
> (6) whether defendant made in-person contact with the resident in the forum state regarding the business relationship;
> (7) the nature, quality, and extent of the parties' communications about the business being transacted; and
> (8) whether the performance of contractual duties was to occur within the forum.

4

*Id.* at 406.  After thoroughly reviewing the jurisdictional discovery conducted by the parties, it appears that Defendants are not subject to personal jurisdiction in South Carolina.[1]  Under the first prong of the *Consulting Engineers* test, Defendants cannot be said to have purposefully availed themselves of conducting activities in the forum state.  Defendants have no offices or agents in South Carolina, own no property in South Carolina, and did not reach into South Carolina to solicit or initiate business.[2]  Defendants do not appear to be engaged in significant or long-term business activities in South Carolina, and the PSA states that the law of Virginia would govern any disputes between the parties.  Plaintiff has failed to allege a single in-person contact by the Defendants with South Carolina, and the only evidence offered by the Plaintiff in support of such contact is a phone call and a LinkedIn request that James Schroeder, Vantus' President made to one of Plaintiff's members after performance of the contract had already begun.  Finally, the performance of some contractual duties may have taken place within South Carolina, but Plaintiff has failed to show that Defendants were aware of that fact.  Because Plaintiff has failed to show that Defendants are subject to personal jurisdiction under the first prong of the *Consulting Engineers* test, the Court need not address the remaining prongs.  Accordingly, the Court turns to Defendants' alternative Motion to Transfer Venue.

### B. Venue

In the event that the Court denied their Motion to Dismiss, Defendants also moved in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a).  However, the Court notes that section 1404(a) is more appropriate where there are no defects in venue or jurisdiction.  Where

---

1. Because the Court lacks personal jurisdiction over Defendants, there is no need for the Court to address Defendants' arguments as to South Carolina's Door Closing Statute, S.C. Code Ann. § 15-5-150.  Additionally, venue is improper here because Defendants do not reside in South Carolina and the events giving rise to Plaintiff's claims did not occur in South Carolina.  *See Stevens v. Bd. of Educ. of Kent Cty.*, 70 F. Supp. 3d 566, 570 (D.D.C 2014).

2. Significantly, it appears that the parties initiated the underlying contract in Georgia.

there are such defects, 28 U.S.C. § 1406(a) is the appropriate avenue for relief. When a court is an improper venue to hear a dispute and lacks personal jurisdiction over the defendants, § 1406(a) authorizes this Court to transfer the case to an appropriate venue that would have personal jurisdiction. *See Porter v. Groat*, 840 F.2d 255, 257–58 (4th Cir. 1988) (stating § 1406(a) authorizes transfer "to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district"); *Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d. 514, 522 (D. Md. 2003) ("Transfer had [sic] been deemed proper under section 1406 when there is an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought."). Additionally, any transfer made pursuant to § 1406(a) must be made "in the interest of justice." § 1406(a); *see also Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 78 (D.D.C. 2003) ("A transfer rather than a dismissal was in the interest of justice when the defendants were not subject to personal jurisdiction in the transferor district, a transfer would save the parties the time and expense of refiling the lawsuit, and the requirements of venue and personal jurisdiction apparently would be satisfied in the transferee district.").

"Section 1406(a) favors 'adjudications on the merits over dismissals' because of defects in personal jurisdiction." *Wright v. Zacky & Sons Poultry, LLC*, No. 1:14cv570, 2015 WL 2357430, at *8 (M.D.N.C. May 15, 2015) (quoting *Jackson v. Leake*, No. 1:05CV00691, 2006 WL 2264027, at *10 (M.D.N.C. Aug. 7, 2006)). Moreover, "[d]ismissal would result in wasteful duplication of effort, additional filing expenses, and unnecessary delay for both parties." *Srour v. Dep't of Homeland Sec.*, No. 1:09cv762, 2009 WL 2709934, *2 (E.D. Va. Aug. 25, 2009). Here, transfer to the Milwaukee Division of the Eastern District of Wisconsin would remove the

impediments to adjudicating Plaintiff's claim—improper venue and lack of personal jurisdiction over Defendants—and is in the interest of justice. All three Defendants would be subject to personal jurisdiction in the Eastern District of Wisconsin.[3] Venue would also be proper in that district. Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." For purposes of venue, a defendant entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Therefore, since Defendants are subject to personal jurisdiction in the Eastern District of Wisconsin, they are also residents of the Eastern District of Wisconsin for purposes of venue.

"Transfer is preferred over dismissal unless evidence exists that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." *Jackson*, 2006 WL 2264027, at *10 (citing *Gov't of Egypt Procurement Office v. M.V. Robert E. Lee*, 216 F. Supp. 2d 468, 473 (D. Md. 2002)). Without § 1406(a), this Court would be required to dismiss for lack of personal jurisdiction and improper venue. However, in light of the strong preference for transfer in lieu of dismissal and the absence of weighty countervailing considerations,[4] the Court will transfer the present action to the Milwaukee Division of the Eastern District of Wisconsin.

---

3. Vantus Group "is an unincorporated entity with its principal place of business in Waukesha, Wisconsin." (Defs.' Mem. Supp. Mot. Dismiss or Transfer Venue, ECF No. 16-1, at 3.) Vantus Group's sole member and officer, James Schroeder, "resides and works in Waukesha." (*Id.*) VTC and VMCS are Wisconsin corporations with their principal places of business in Waukesha. (*Id.* at 4.) Waukesha falls within the Milwaukee Division of the Eastern District of Wisconsin.

4. Plaintiff objects to a transfer of venue by citing cases that address transfer under § 1404(a). As discussed above, § 1406(a) is the appropriate method of transfer where a court lacks personal jurisdiction over the defendant. Thus, the countervailing considerations presented by Plaintiff are inapposite. Here, transfer should be preferred over dismissal because the case was not brought in an improper venue in bad faith or to harass Defendants.

7

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants Motion to Transfer Venue is **GRANTED**.

AND IT IS SO ORDERED.

_____
PATRICK MICHAEL DUFFY
United States District Judge

_____, 2015
**Charleston, South Carolina**