# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**INFORMAXION SOLUTIONS, INC.,**

   Plaintiff,

  v.                                Case No. 15-CV-1359

**VANTUS GROUP, VANTUS TECHNOLOGY CORP., and VANTUS MANUFACTURING CORP.,**

   Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

Informaxion Solutions, Inc. ("IXS") alleges breach of contract, unjust enrichment, and a violation of South Carolina's Unfair Trade Practices Act against Vantus Group, Vantus Technology Corp. ("VTC"), and Vantus Manufacturing Corp. ("VMC") (collectively "the defendants") arising out of a Professional Services Agreement for consulting services executed by the parties. The defendants have moved to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P 12(b)(6). IXS opposes the motion and has asked for additional time to file and serve an amended complaint. The motion has been fully briefed and is ready for disposition. For the reasons that follow, the defendants' motion pursuant to Fed. R. Civ. P. 12(b)(5) is denied and the plaintiff will be given 21 days to effect proper service of its original complaint upon the defendants.

## BACKGROUND

In its complaint, IXS alleges that on or about April 9, 2014, the parties executed a Professional Services Agreement ("Agreement") for consulting services. (Compl. ¶ 3, Docket # 1-1.) The Agreement included a Statement of Work ("SOW") to be performed. (*Id.* ¶ 6.) IXS alleges that although it has fulfilled its obligations under both the Agreement and the SOW and provided the defendants with semi-monthly invoices as required by the Agreement, the defendants have failed to pay a single invoice. (*Id.* ¶¶ 8-9.) IXS further alleges that despite the defendants' continued refusal to pay the outstanding invoices, the defendants have not timely disputed any portion of the invoices as required by the Agreement. (*Id.* ¶ 10.) IXS also alleges that it has attempted on several occasions to discuss negotiation and payment of the invoices with the defendants, but its inquiries and requests for discussion have gone unanswered. (*Id.* ¶ 11.)

IXS initially filed this case in South Carolina state court (Docket # 1-1) and the summons and complaint were sent to the defendants by certified mail, return receipt requested, on December 23, 2014 (Docket # 1-2). The case was removed to the District of South Carolina on January 21, 2015. (Docket # 1.) On January 28, 2015, the defendants moved to dismiss IXS' complaint for lack of personal jurisdiction, insufficient service of process, and failure to state a claim against VTC and VMC, or in the alternative, to transfer venue to the Eastern District of Wisconsin. (Docket # 5.) On June 17, 2015, the District of South Carolina denied the defendants' motion without prejudice and with leave to refile, and directed the parties to conduct limited jurisdictional discovery to aid the court in determining if personal jurisdiction existed over the defendants. (Docket # 9.)

The parties engaged in limited jurisdictional discovery, and the defendants refiled their motion to dismiss. (Docket # 16.) On November 10, 2015, the District of South Carolina held that the defendants were not subject to personal jurisdiction in South Carolina, and transferred the case to the Eastern District of Wisconsin. (Docket # 19.) The case was transferred to this District on November 13, 2015 (Docket # 20) and was reassigned to this Court upon the consent of the parties on February 8, 2016 (Docket # 33).

## STANDARD OF REVIEW

The defendants move to dismiss IXS' complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Once service is challenged, the plaintiff bears the burden of establishing that service was valid. *Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514, 516 (E.D. Wis. 2007). Service of process is governed by Federal Rule of Civil Procedure 4. The Rule provides that the summons and complaint must be served upon a defendant (unless service is waived) in one of the ways specified in the Rule, and it must be served within 120[1] days after the filing of a complaint.

## ANALYSIS

IXS initiated this action in South Carolina and served the defendants via certified mail, return receipt requested. The Federal Rules of Civil Procedure do not permit a plaintiff to serve an individual or corporate defendant by mail unless the law of the forum state allows such service. Fed. R. Civ. P. 4(e), (h). In this case, IXS attempted to serve the defendants by certified mail only. IXS has never personally served the defendants. (Fourth Declaration of James Schroeder ¶ 5, Docket # 25.) Under South Carolina law, service of process on a domestic corporation may be effected through certified mail, return receipt

---

[1] Effective December 1, 2015, Fed. R. Civ. P. 4(m) was amended to reduce the time for serving a complaint from 120 days to 90 days. Because IXS' complaint was transferred into this District prior to December 1, 2015, the 120 days found in the prior version of the rule is applicable in this case.

requested. S.C. Code Ann. § 15-9-210(b). However, a foreign corporation can only be served pursuant to § 15-9-210 "(a) when it has property within the State, (b) when the cause of action arose therein or (c) when such service shall be made in this State personally upon the president, cashier, treasurer, attorney, secretary or any other agent thereof." S.C. Code Ann. § 15-9-230. The parties do not dispute that VTC and VMC, as Wisconsin corporations, are foreign corporations pursuant to the statute. (Defs.' Br. in Supp. Mot. to Dismiss at 10, Docket # 5-1.) Nor do the parties dispute that the defendants do not own property in South Carolina or that the defendants were never personally served in South Carolina. (Pl.'s Resp. Br. at 14, Docket # 7.) However, the parties dispute whether the cause of action arose within South Carolina. (Defs.' Br. at 10-11, Pl.'s Br. at 14.) While the District of South Carolina did not directly address this issue, the Court did state, in passing, that the "events giving rise to Plaintiff's claims did not occur in South Carolina." (Order Granting Motion to Transfer Venue at 5 n.1, Docket # 19.) As to Vantus Group, IXS states that because it is an unincorporated entity, under the South Carolina Rules of Civil Procedure 4(d)(3) and 4(d)(8), service was proper through certified mail, return receipt requested. (Pl.'s Resp. Renewed Mot. to Dismiss at 20-21, Docket # 17.)

It is unnecessary to decide, however, whether the defendants were properly served pursuant to South Carolina law. The District of South Carolina determined that it lacked personal jurisdiction over the defendants and transferred the case to this District pursuant to 28 U.S.C. § 1406(a). (Docket # 19 at 5-7.) The transferor court has jurisdiction to transfer the action pursuant to § 1406 even though it does not have personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may

have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). Transfer of a case pursuant to § 1406(a) does not, however, confer personal jurisdiction upon the court receiving the case. *Wilson v. St. Mary's Hosp.*, 822 F. Supp. 1450, 1451 (D. Minn. 1993); *Michelson v. Merrill Lunch, Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1288 (S.D.N.Y. 1989). Rather, the transferee court acquires personal jurisdiction "if, upon transfer, the plaintiff serves (or re-serves) those defendants over whom the original court lacked personal jurisdiction." *Michelson*, 709 F. Supp. at 1288. *See also Stewart Coach Indus., Inc. v. Moore*, 512 F. Supp. 879, 883-84 (S.D. Ohio 1981) ("While this Court does not understand that the act of transfer, in and of itself, might cure any defect in service or cause previously unperfected personal jurisdiction to attach, it does believe that such problems can be readily resolved after transfer by an Order directing that the defendant be properly served under the law in the transferee forum . . . ."); *Lozano v. Civiletti*, 89 F.R.D. 475, 480 (D.D.C. 1980) (stating that the "proper remedy" if transferor court lacks personal jurisdiction is not to dismiss, but to "effect personal service after the action is transferred"); *but see Bentz v. Recile*, 778 F.2d 1026, 1028-29 n.5 (5th Cir. 1985) (finding that while it is "the better practice" to "re-serve defendants after a case is transferred from a federal district court lacking in personam jurisdiction," given the fact the court was affirming the district court's grant of plaintiff's motion for summary judgment, in this case, a remand to allow for re-service would be a "useless act and a waste of judicial resources").

Thus, whether the original service was proper or not, the defendants in this case should have been re-served upon transfer to this Court. IXS has asked for additional time to serve an amended complaint. IXS has not formally moved to amend its complaint, nor has it complied with Civil L. R. 15(b), which requires the proposed amended pleading be filed

5

as an attachment to the motion to amend. Thus, IXS is not permitted to file an amended complaint at this stage. Rather, IXS will be given twenty-one (21) days from the date of this Order to properly serve its original complaint upon the defendants pursuant to Fed. R. Civ. P. 4. Because the defendants need to be served for this Court to acquire personal jurisdiction, *see Michelson*, 709 F. Supp. at 1288, I will not address the defendants' Rule 12(b)(6) motion at this time. I am aware that this case has been pending since December 2014 and acknowledge that this ruling does not significantly move the case forward; however, dismissal is not appropriate at this stage and I cannot authorize the filing of an amended complaint without a proper motion and compliance with the local rules.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to dismiss for insufficient service of process (Docket # 23) is **DENIED**. The plaintiff has twenty-one (21) days from the date of this Order to properly serve the defendants pursuant to Fed. R. Civ. P. 4.

Dated at Milwaukee, Wisconsin this 4th day of May, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge